UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------
:
LUCAS HOLLAND, : CASE NO. 4:20CV01136
:
    Petitioner, :
:
vs. : OPINION & ORDER
: [Resolving Doc. 1]
WARDEN MARK K. WILLIAMS, :
:
    Respondent. :
:
------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

*Pro se* Petitioner Lucas Holland, a federal prisoner, brings this emergency habeas corpus petition pursuant to 28 U.S.C. § 2241 seeking release to home confinement due to the COVID-19 outbreak at FCI Elkton where Holland is incarcerated.[1]

For the reasons that follow, this action is dismissed.

## I. Background

Petitioner alleges that infected prisoners at FCI Elkton who are symptomatic or known to have been exposed to COVID-19 are either in hospital or in quarantine but claims that such measures are ineffective to prevent him from becoming infected because asymptomatic prisoners can spread the virus and social distancing and other Center for Disease Control guidelines are impossible to achieve at FCI Elkton.

According to the Bureau of Prisoners ("BOP") inmate locater, Petitioner is 35 years old.[2] Petitioner alleges that Respondent is violating his rights under the Eighth Amendment

---

[1] Doc. 1.

[2] Petitioner does not fall within the subclass of vulnerable inmates at FCI Elkton identified by the Court in *Wilson v. Williams*, No. 4:20-CV-00794, 2020 WL 1940882, at *6 (N.D. Ohio Apr. 22, 2020), nor has

Case No. 4:20CV01136
Gwin, J.

of the United States Constitution by failing to protect him from a substantial risk of serious harm from COVID-19 and seeks release from FCI Elkton to home confinement. Petitioner admits that he has not exhausted his administrative remedies, arguing that exhaustion would be inadequate to address his claims given the allegedly incompetent manner Respondent has thus far addressed COVID-19 at FCI Elkton.[3]

## II. Discussion

### A. Standard of Review

Title 28 U.S.C. § 2243 requires the Court to conduct an initial screening of Holland's petition.[4] *Pro se* pleadings are held to less stringent standards than formal pleadings drafted by lawyers and must be liberally construed.[5] This principle of liberal construction applies to petitions for a writ of habeas corpus.[6] A petition will be denied "if it plainly appears from the petition ... that the petitioner is not entitled to relief."[7]

### B. Analysis

A § 2241 petition "'is appropriate for claims challenging the execution or manner in which [a prisoner's] sentence is served[,]'" but "'is not the proper vehicle for a prisoner to

---

Petitioner been identified by Respondent as an inmate who falls within that subclass. *See* NDOH Case No. 4:20-cv-794, Doc. 35-1.

[3] Doc. 1 at 7.

[4] *See Alexander v. N. Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).

[5] *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam) (citing *Haines v. Kerner,* 404 U.S. 519 (1972)); *see also Franklin v. Rose,* 765 F.2d 82, 85 (6th Cir. 1985) (*pro se* complaints are entitled to liberal construction) (citations omitted).

[6] *Urbina v. Thoms,* 270 F.3d 292, 295 (6th Cir. 2001).

[7] Rule 4 of Rules Governing § 2254 in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).

Case No. 4:20CV01136
Gwin, J.

challenge conditions of confinement.'"[8] In this action, Petitioner seeks release from FCI Elkton to home confinement.[9] Because Holland challenges the manner in which his sentence is served, his claims are properly brought pursuant to 28 U.S. C. § 2241.[10]

"It is well settled in the Sixth Circuit that before a prisoner may seek habeas corpus relief under § 2241, he must first exhaust his administrative remedies."[11] Petitioner admittedly has not exhausted his administrative remedies with respect to his constitutional claim and request for release to home confinement, and waiver of the exhaustion requirement is not appropriate under the facts of this § 2241 petition.[12] Moreover, the

---

[8] *Wilson*, 2020 WL 1940882, at *5 (quoting *Luedtke v. Berkebile*, 704 F.3d 465, 465-66 (6th Cir. 2013) (citing two additional Sixth Circuit cases that found the same); *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001), respectively). A federal prisoner who desires to challenge the conditions of his confinement must file a civil rights action under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). See *Grief v. Williams*, No. 4:19-CV-2450, 2019 WL 5864783, at *2 (N.D. Ohio Nov. 8, 2019) (citations omitted).

[9] Doc. 1 at 8.

[10] *Wilson,* 2020 WL 1940882, at *6 ("Petitioners do not seek a commutation of their sentences, but rather to serve their sentences in home confinement, parole, or in half-way houses at least until the risk of the virus has abated. This claim is closer to a challenge to the manner in which the sentence is served and is therefore cognizable under 28 U.S.C. § 2241.").

[11] *Bronson v. Carvaljal*, No. 4:20-CV-914, 2020 WL 2104542, at *2 (N.D. Ohio May 1, 2020) (citations omitted).

[12] See *id.* at *2 (finding that the prudential concerns surrounding the enforcement of the exhaustion requirement for motions regarding COVID-19 brought pursuant to 28 U.S.C. § 3582 apply equally to habeas petitions seeking similar relief under 28 U.S.C. § 2241, and denying without prejudice petitioner's request for release from FCI Elkton due to COVID-19 due to failure to exhaust his administrative remedies) (citing *Simmons v. Warden, FCI-Ashland*, No. 0:20-040-WOB, 2020 WL 1905289, at *3 (E.D. Ky. Apr. 17, 2020) (denying without prejudice defendant's habeas petition, pursuant to 28 U.S.C. § 2241, for immediate release due to COVID-19 for failure to exhaust administrative remedies); *Burke v. Hall*, No. 3:19-cv-01108, 2020 WL 553727, at *1 (M.D. Tenn. Feb. 4. 2020) (denying without prejudice § 2241 habeas petition seeking immediate release because it was "apparent on the face of Burke's...petition that he did not exhaust his administrative remedies")).

Case No. 4:20CV01136
Gwin, J.

BOP has a procedure by which federal prisoners may apply with their case managers to be considered for home confinement.[13]

### III. Conclusion

For all of the foregoing reasons, Holland's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is denied without prejudice.  Holland may seek to reopen this case for reconsideration upon a showing that he has sought the relief he seeks here from the Respondent and that relief was denied, or Respondent failed to respond to Holland's request for relief within thirty (30) days.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Dated: August 5, 2020  *s/ James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE

---

[13] *Id.* at *3 ("The fact that the BOP has already begun to identify vulnerable inmates for release to home confinement represents further proof that it is in the best position to quickly consider whether [petitioner] should be released due to COVID-19.").

-4-