IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISON

| | |
|---|---|
| LUCAS HOLLAND,<br><br>    Plaintiff,<br><br>v.<br><br>WARDEN MARK K. WILLIAMS,<br><br>    Defendant, | CASE NO. 4:20-CV-01136-JG<br><br>JUDGE JAMES GWIN<br>UNITED STATES DISTRICT JUDGE<br><br>MAGISTRATE JUDGE<br>CARMEN E. HENDERSON<br><br>**Report & Recommendation** |

The matter has been referred to me for pretrial supervision including resolution of all non-dispositive motions and the preparation of a report and recommendation for all dispositive motions. (ECF No. 15). Before the Court is Petitioner Lucas Holland's ("Holland") petition under 28 U.S.C. § 2241 (ECF No. 1) and Defendant Warden Mark K. William's Return of Writ (ECF No. 13). Holland has not filed his response.

For the reasons set forth below, the Court recommends DISMISSING Holland's petition for lack of jurisdiction.

    **I.**    **Background**

On May 26, 2020, Holland filed a Petition for Writ of Habeas Corpus, asserting that he is incarcerated under conditions that violate his Eight Amendment Constitutional rights. (ECF No. 1). Holland seeks release to home confinement due to Covid-19 and his "health problems". (ECF No. 1 at 8). On August 5, 2020, the district court dismissed Holland's petition pursuant to 28 U.S.C. § 2243 and Fed. R. Civ. P. 58. (ECF No. 9). Holland moved to reopen the case on August

27, 2020 (ECF No. 10), which the court granted (ECF No. 12). Additionally, the court ordered respondent to file a return of writ within 30 days and ordered Holland to file his response 30 days after Respondent filed of the return of writ. (ECF No. 12). Respondent filed his return of writ on October 1, 2020 (ECF No. 13) asserting several reasons for dismissing Holland's petition: 1) the petition is duplicative in that the same allegations were being litigated in a class action *Wilson v. Williams*, Case No. 4:20-CV-00794; 2) petitioner seeks home confinement and as such, his claims are not appropriately considered under § 2241; and 3) petitioner's Eighth Amendment claim is barred by *Wilson v. Williams*, 961 F.3d 829 (6th Cir. 2020), which held that FCI Elkton's actions did not constitute deliberate indifference to a known risk, and therefore that the conditions at FCI Elkton are constitutional. (ECF No. 13). Holland has not responded to Respondent's return of writ and the time for doing so has passed. Nonetheless, the Court finds that dismissal is proper on grounds not raised by Respondent. Namely, there is no live case or controversy for this Court to resolve since Holland has been transferred from FCI Elkton.

**II.     Discussion**

In his Petition, Holland asserted a single cause of action alleging a violation of the Eighth Amendment. (ECF No. 1). Holland's petition seeks wholly injunctive relief against FCI Elkton. (ECF No. 1 at 8).

However, Holland is no longer in custody at FCI Elkton. He has been transferred to FCI Ashland in Kentucky.[1] Since he is no longer in custody at FCI Elkton and he is not expected to return to custody at FCI Elkton, his entire complaint is moot. *Valencia v. Rushing*, No. 4:10CV2087, 2011 WL 1769100, at *2 (N.D. Ohio May 9, 2011) (citing *Henderson v. Martin*, 73 F. App'x 115, 117 (6th Cir. 2003) (an inmate's claim for injunctive relief is rendered moot by his

---

[1] See https://www.bop.gov/inmateloc/ Inmate number: 13306-025, last visited 7/26/2021.

transfer to a different facility); *Goar v. Civiletti*, 688 F.2d 27, 29 (6th Cir. 1982) (where a former prisoner alleged that his conditions of confinement were unconstitutional, "the injunctive relief sought is now moot since Goar is no longer imprisoned")). Therefore, there is no live case or controversy for this Court to resolve, that is, even if this Court were to resolve the pending petition in Holland's favor, he would no longer be entitled to the relief he sought. *Id*.

Accordingly, this Court recommends that Holland's petition be DISMISSED WITHOUT PREJUDICE.

### III.     Recommendation

For the reasons set forth above, the Court recommends DISMISSING Petitioner Holland's petition without prejudice.

DATED: July 26, 2021

    *Carmen E. Henderson*
**Carmen E. Henderson**
**United States Magistrate Judge**

_____

### OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document. Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *See Berkshire v. Beauvais*, 928 F. 3d 520, 530-31 (6th Cir. 2019).